UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

OZZIE PICKETT,
    Plaintiff,

vs.                               09-1116,

MARCUS HARDY, et. al.,
    Defendants.

## CASE MANAGEMENT ORDER

This cause is before the court for case management and consideration of various pending motions including the plaintiff's motions for reconsideration of the March 25, 2010 court order, [d/e 19, 27]; the plaintiff's motions for an emergency court order and emergency intervention, [d/e 22, 25, 26]; the plaintiff's motion to provide exhibits, [d/e 23]; and, the plaintiff's motions appealing the Seventh Circuit Court of Appeals denial of his Emergency Petition for Writ of Mandamus. [d/e 33, 34]

### I. BACKGROUND

The pro se plaintiff originally filed his complaint in the Circuit Court of the Eleventh Judicial Circuit in Livingston County, Illinois. The complaint was entitled "Petition for Temporary Restraining Order, Preliminary and Permanent Injunctive Relief and Declaratory Judgement." (Plain. Comp., p. 1). The plaintiff named 16 individual defendants and an unspecified number of John Doe defendants from Pontiac Correctional Center.

Defendant Illinois Department of Corrections Director Roger Walker filed a notice of removal requesting to remove the lawsuit to the United States District Court for the Central District of Illinois. [d/e 1] The defendants provided a copy of the notice to the state court and to the plaintiff and paid the $350 filing fee in full.

On March 25, 2010, the court accepted the removal of plaintiff's lawsuit to the United States District Court for the Central District of Illinois. The court further granted the defendants' motion requiring the plaintiff to post bond as security for payment of costs in this case. The court noted the plaintiff's litigation history including the fact that he had earned three strikes pursuant to 28 U.S.C. § 1915(g). The plaintiff was directed to pay $250 within 21 days. *See* March 25, 2010 Court Order, p. 4-5.

The court also conducted a merit review of the plaintiff's complaint pursuant to 28 U.S.C. §1915A and found that the document was difficult to decipher. The plaintiff either failed to allege a violation of his constitutional rights or had lists of general accusations without naming any specific time periods, events or defendants. The court also noted that the plaintiff's claims for injunctive relief were moot since he no longer resided at Pontiac Correctional Center and had not demonstrated that it was likely he would return. *See* March 25, 2010 Court Order, p. 4

Therefore, the court dismissed the plaintiff's complaint as a violation of Rule 8 of the Federal Rules of Civil Procedure and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915A. *See* March 25, 2010 Court Order. The court instructed the clerk of the court to provide the plaintiff with a blank complaint form, and instructed the plaintiff to file an amended complaint "specifically stating his claims, the general time frame and the defendants involved as directed in this order." *See* March 25, 2010 Court Order, p. 6. The plaintiff was further admonished that he must file his amended complaint by the deadline and follow the court's direction, or his case could be dismissed. The court noted that no continuances would be granted.

## II. MOTION FOR RECONSIDERATION

The plaintiff has filed two motions pursuant to Rule 60 of the Federal Rules of Civil Procedure asking the court to reconsider its March 25, 2010 court order. [d/e 19, 27]. A Rule 60 motion for relief from judgment "permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud." *American Federation of Grain Millers, Local 24 v. Cargill Inc.*, 15 F.3d 726, 728 (7th Cir. 1994). Such relief is warranted "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Margoles v. Johns,* 798 F.2d 1069, 1073 (7th Cir. 1986).

The plaintiff says removing his case to Federal Court "prejudiced the plaintiff's rights of access to the courts and to prosecute and defend his claims." (Mot, p. 4). The plaintiff further states that in state court he could have "equal protection of the laws" and be able to litigate his claims as a poor person without the "federal three strikes provision against him." (Mot, p. 4). The plaintiff says the federal court offers no legal remedies "to protect his civil rights enumerated by the First, Eighth, Tenth and Fourteenth Amendments United States Constitution." (Mot., p. 5)

While the plaintiff's complaint was poorly drafted, he clearly intended to allege claims pursuant to the United States Constitution. As the court previously noted, when considering whether removal is proper, "the relevant inquiry is whether the original complaint could have been brought in federal court." *Quality Materials, Inc. v. City of Chicago,* 1994 WL 692612 at 2(N.D. Ill. Dec. 1, 1004). For instance, when the complaint pleads that the claim arises out of the Constitution or laws of the United States. *Beneficial National Bank v. Anderson,* 539 U.S. 1, 6 (2003).

The plaintiff's case is complicated by the fact that he has earned three strikes pursuant to 1915(g)[1]. *See* March 25, 2010 Court Order, 2-3. Surprisingly few courts have addressed this thorny issue. On the one hand, allowing removal does "thwart the purpose of the 'three strikes rule' and could result in enabling plaintiff to circumvent the rule by filing *in forma pauperis* actions in state court hoping that defendants will remove the case to this court." *Lisenby v. Lear,* 2010 WL 758677 at 2 (D.S.C. Feb. 26, 2010); *see also See Lanier v. Holiday*, 2005 WL 1513106

---

[1] *See Pickett v. Page,* Case No. 96 -cv-416; *Pickett v. Page,* Case No. 96-1066 and *Pickett v. Washington,* Case No. 98-455.

(W.D.Tenn. June 16, 2005) (holding that defense has an absolute right to remove three-strike plaintiff's case); *See Farnsworth v. Washington State Dept. of Corrections*, 2007 WL 1101497 (W.D.Wash. Apr.9, 2007) (dismissing three-strike plaintiff's case).

"On the other hand, it does not seem appropriate to allow defendants to summarily end a prisoner's claims through removal (and subsequent operation of the 'three strikes rule') when the prisoner properly filed his case in state court."*Lisenby,* 2010 WL 758677 at 2 . Therefore, some courts have reasoned that allowing the case to proceed in federal court would not "produce a desirable result regardless of how the case progressed." *Id.* at 3;*Bartelli v Beard,* 2006 WL 4363645 (M.D. Pa. Sept. 24, 2008).

In this case, the plaintiff's complaint alleged no state law claims. The only potential allegations in the plaintiff's complaint were violations of the United States Constitution. The court found that removal was therefore appropriate, and since the defendants had paid the filing fee in full, and there was no cause to consider the *in forma pauperis* statute. *See also Gray v Cardoza,* 2006 U.S. Dist. LEXIS 43710 (E.D. Cal June 26, 2006). The motion to reconsider removal to federal court is denied.

The plaintiff also argues he did not promptly receive the court's orders, and should have been allowed more time to file an amended complaint and state the reasons he could not post bond in this case. The court notes that while the plaintiff did file a motion to reconsider, he never attempted to file a motion for an extension of time nor an objection to the bond requirement.

The plaintiff finally argues that he should not be required to pay bond as a poor person, but he has presented no argument for his claim. The court imposed bond due to the plaintiff's history of filing frivolous lawsuits and ignoring court orders. For instance, after the plaintiff was clearly informed that he had earned three strikes[2], he responded by attempting to file a lawsuit against 59 Tamms Correctional Center employees in the Central District of Illinois. *Pickett v Merchant,* Case No. 07-1041. The plaintiff failed to mention his previous cases or his three strikes status.

The motion to reconsider the bond requirement is denied. *See Sassower v. American Bar Association,* 33 F.3d 733, 736 (7th Cir. 1994) (directing courts to require $5,000 bond to cover costs under Fed.R.Civ.P. 11 before ordering defendants to respond to a pro se litigant's complaint); *McGill v Faulkner,* 18 F.3d 456, 459 (7th Cir. 1994)(upholding assessment of costs against indigent pro se plaintiff ).

### III. ADDITIONAL MOTIONS

The plaintiff has filed a motion for an emergency court order stating that officials at Tamms Correctional Center are preventing him from filing a reply to the defendants' response to his motion to reconsider. The plaintiff's motion does not state any specific documents or exhibits which are relevant to the issues before the court. The plaintiff has had amble time to file a reply. The plaintiff also complains about his living conditions at Tamms Correctional Center. The case before the court involves defendants at Pontiac Correctional Center. The

---

[2] *See Pickett v Merchant,* Case No. 07-341. *See also Pickett v Lambert,* Case No. 09-217.

plaintiff should take full advantage of the resources offered to address inmate concerns. If he has exhausted his administrative remedies, he may file a lawsuit in the United States District Court for the Southern District of Illinois where Tamms is located. The motion is denied. [d/e 22]

The plaintiff has filed a "Motion Conform to the Evidence" in support of his motion for reconsideration. [d/e 23] The plaintiff again says officials a Tamms Correctional Center have prevented him from filing exhibits in support of his motion for reconsideration. The plaintiff has attached 36 pages of Offender Requests and Grievances concerning a variety of issues at Tamms Correctional Center. While the plaintiff again claims he has been denied access to legal materials and copies, he has not pointed to any specific documents that are relevant to this case. The motion is denied. [d/e 23]

The plaintiff has filed two additional motions for emergency intervention. [d/e 25, 26] The court notes that the handwriting in his first motion [d/e 25] is extremely faint and difficult to read. The plaintiff should make sure he submits legible documents to the court. The plaintiff again appears to be complaining about his living conditions at Tamms Correctional Center and interference with this lawsuit. The plaintiff has clearly not been prohibited from filing documents with this court. The motions are denied. [d/e 25, 26]

The court notes that the plaintiff has filed extraneous exhibits [d/e 29] and affidavits [d/e 30] with the court. The plaintiff should only file affidavits and exhibits with motions or responses to motions, and only those affidavits and exhibits that are relevant to the particular motion or response to a motion. Therefore, the court will instruct the clerk of the court to strike these documents. [d/e 29, 30]

The plaintiff has filed a motion entitled," Petitioner Emergency Motion for Reconsideration To Reinstate His Emergency Petition For Writ of Mandamus Prohibition and Interim Reliefs In Lieu of Review to Hear his Motion to Proceed on Writ of Mandamus Prohibition and Other Interim Relief." [d/e 33] The plaintiff is appealing the Seventh Circuit Court of Appeals denial of his Emergency Petition for Writ of Mandamus. The motion is denied. This court has no jurisdiction over the appellate court. The plaintiff has filed a second motion requesting the same relief which is also denied. [d/e 34].

IV. AMENDED COMPLAINT

The court notes that the plaintiff has failed to follow the court's order to file an amended complaint. Because the plaintiff is proceeding pro se, the court will allow the plaintiff one final opportunity to file an amended complaint. The plaintiff must number his allegations. Each allegation must provide a general time frame, state which defendants were involved, and provide a short and plain statement of the plaintiff's allegation. The plaintiff must file his amended complaint within 21 days of this order. If the plaintiff fails to file the amended complaint or fails to follow the court's directions, the court will dismiss this case.

The plaintiff must also pay the ordered bond of $250 as security for payment of costs in

this case. The plaintiff must also make this payment within 21 days.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motions for reconsideration of the March 25, 2010 court order are denied. [d/e 19, 27]**

**2) The court will allow the plaintiff one last opportunity to file an amended complaint. The clerk of the court is directed to provide the plaintiff with a blank complaint form pursuant to §1983. The plaintiff must number each of his claims and for each state: a) a general time frame; b) which defendants were involved; and, c) specifically what he is accusing each defendant of doing or not doing. The plaintiff must file his amended complaint within 21 days of this order.**

**3) The plaintiff must pay the $250 bond within 21 days of this order.**

**4) The plaintiff's motions for an emergency court order and emergency intervention are denied. [d/e 22, 25, 26]**

**5) The plaintiff's motion to provide exhibits is denied. [d/e 23]**

**6) The clerk of the court is directed to strike the unspecified exhibits [d/e 29] and affidavits [d/e 30] filed by the plaintiff.**

**7) The plaintiff's motions contesting the Seventh Circuit Court of Appeals denial of his Emergency Petition for Writ of Mandamus are denied. [d/e 33, 34]**

**Entered this 18th day of October, 2010.**

\s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE